"UNDER SEAL"

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division

3:05 CV 391

FILED
CHARLOTTE, N. C.

SEP. 14 2005

U. S. DISTRICT COURT
W. DIST. OF N. C.

| | |
|---|---|
| In re:<br><br>NICHOLAS DiBRUNO AND WENDY DIBRUNO,<br><br>    Debtors. | Case Number 05-33005<br><br>Chapter 7 |
| In re:<br><br>JOSEPH A. DIBRUNO, JR.,<br><br>    Debtor. | Case Number 05-33006<br><br>Chapter 7 |
| In re:<br><br>JOSEPH A. DIBRUNO, SR.,<br><br>    Debtor. | Case Number 05-33007<br><br>Chapter 7 |
| In re:<br><br>LELA L. DIBRUNO,<br><br>    Debtor. | Case Number 05-33712<br><br>Chapter 7 (Involuntary) |

## ORDER GRANTING TRUSTEE'S EX PARTE MOTION FOR ORDER TO PERMIT ENTRY FOR PURPOSE OF INSPECTION

This matter came before Court on the Ex Parte Motion (the "Motion") of Langdon M. Cooper, the duly appointed chapter 7 trustee (the "Trustee") in the bankruptcy cases of Nicholas and Wendy DiBruno, Joseph A. DiBruno, Jr., and Joseph A. DiBruno, Sr. (collectively, the "Debtors"). A hearing on the Motion was conducted on September 13, 2005 (the "Hearing"). By oral motion during the Hearing, the Trustee requested that the Court grant the relief requested in the Motion as to Lela L. DiBruno ("Lela DiBruno"), a debtor in an involuntary chapter 7

bankruptcy case, case number 05-33712. A separate document outlining findings of fact and conclusions of law has been entered by the Court. The Court having considered the Motion, the record, including affidavits, and the arguments of counsel, has determined that the Motion should be allowed.

**IT IS, THEREFORE, ORDERED** that:

1) The Motion is GRANTED.

2) The oral motion requesting that the Motion extend to Lela DiBruno is GRANTED.

3) The Debtors, including Nicholas DiBruno, Wendy DiBruno, Joseph A. DiBruno, Sr., Joseph A. DiBruno, Jr., and Lela L. DiBruno, shall immediately without delay and without prior notice allow the Trustee, his agents and the United States Marshals full and complete access to all portions of the following residences, other structures, and land upon which they are located (the "Residences"):

    a. 184 Reese Wilson Road, Belmont, NC;
    b. 107 Westwood Drive, Belmont, NC;
    c. 7319 Wilkinson Blvd, Belmont, NC; and
    d. 103 Poplar Street, Belmont, NC.

    The purpose of this access is to allow the Trustee and his agents to inspect, measure, survey, appraise, copy and photograph the Residences and any personal property located therein or on adjacent land or in any outbuildings.

4) The Debtors and all other parties are restrained from taking, and shall not take, any action with respect to the Residences and their contents, or with respect to the Trustee, his agents or the United States Marshals, other than to cooperate with them while they inspect, inventory or appraise all property located in and near the Residences or any outbuildings.

5) If the Residences, any outbuildings, any safes, any lockboxes, any locked cabinets or desks or any other property or space is locked, the Debtors shall unlock any lock to permit the Trustee to have access to the interior of the space or other real or personal property that is locked.

6) The Debtors shall immediately without delay deliver to the Trustee or his agents all financial records of any kind, including all computers and similar data storage devices. The Trustee shall then copy these items as

soon as practicable and return the originals to the Debtors or their bankruptcy counsel.

7)   Any violation of this Order by the Debtors or their family members, affiliates or agents shall subject that person or persons to the full contempt powers of this court, including but not limited to imprisonment.

Dated:  September 13, 2005.

Graham C. Mullen
Chief United States District Judge