UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division
Case No. 3:05 CV 391-MU

| | |
|---|---|
| In re: | Chapter 7 |
| Joseph A. DiBruno, Sr. | Bankruptcy Case Number 05-33007 |
| | Bankruptcy Case Number 05-33006 |
| Joseph A. DiBruno, Jr. | Bankruptcy Case Number 05-33005 |
| Nicholas DiBruno<br>Wendy DiBruno | Jointly Administered |
| Debtors | |

## ORDER GRANTING AMENDED MOTION FOR AUTHORITY TO OBTAIN UNSECURED CREDIT

**THIS MATTER** came on to be heard this day after notice and a hearing on the Amended Motion of the Trustee for authority to obtain unsecured credit, and after reviewing the record and conducting a hearing, it appears to the Court that the relief sought by the Trustee is clearly in the best interest of the estates and their creditors, and that the Motion should be granted. In that regard the Court finds and concludes:

1. The debtors filed their chapter 7 petitions on July 26, 2005. The Trustee is the duly appointed chapter 7 trustee in each case.

2. Section 364(b) of Title 11 of the United States Bankruptcy Code (the "Code") allows the court, after notice and hearing, to authorize the Trustee to obtain unsecured credit or to incur unsecured debt other than under Section 364(a) of the Code, allowable under Section 503(b)(1) of the Code as an administrative expense.

3. According to the schedules of the Debtors, these are all no asset cases.

4. Locke Holland and Cynthia Dimmette ("Holland & Dimmette") are scheduled as creditors with a claim of zero in these cases. However, Holland & Dimmette hold a consent judgment against each of the debtors, entered in the Mecklenburg County Superior Court on March 2, 2005. According to the consent judgment, Holland & Dimmette hold a claim against

3JAH:360833 v1

Nicholas DiBruno of $200,000; against Joseph DiBruno, Jr. of $1,800,000; and against Joseph DiBruno, Sr. of $1,200,000.

5. Holland & Dimmette filed their amended complaint against the debtors in state court on September 29, 2004 ("State Court Action"). They have conducted an extensive investigation of the financial affairs of the debtors and have accumulated significant work product that the Trustee believes will be useful to the Trustee in his investigation of the financial affairs of the debtors, including the work product of a private investigator retained by Holland & Dimmette (the "Holland & Dimmette Work Product"). Holland & Dimmette have spent considerable sums in connection with their investigation of the debtors and the prosecution of their civil action through the time of the appointment of Johnston Allison & Hord, P.A. and Grier Furr & Crisp, P.A. as special counsel ("Holland & Dimmette Investigative Costs").

6. By separate application, the Trustee sought and this Court approved and confirmed the appointment of the firms of Johnston Allison & Hord, P.A. (which represented Holland & Dimmette in the State Court Action) and Grier Furr & Crisp, P.A., (bankruptcy counsel to Holland & Dimmette), as special counsel to the Trustee (the "Special Counsel"). Further the Trustee is seeking the appointment of Ronald T. Guerette as a private investigator for the estate, Alan Fisher as an auctioneer and appraiser for the estate, and Bill E. Branscum also as a private investigator for the estate.

7. Holland & Dimmette have agreed to advance to the Trustee, for the purposes set out herein, the sum of fifteen thousand dollars (the "Holland & Dimmette Advance") to be used to pay a portion of the allowed administrative claims for the fees and expenses of the Trustee and his general counsel, Mullen Holland & Cooper, P. A., and Holland & Dimmette have also agreed to make available to the Trustee the Holland & Dimmette Work Product to assist the Trustee in his investigation of the financial affairs of the debtors.

8. Holland & Dimmette have also agreed to pay directly the allowed administrative claims for the fees and expenses of the Trustee's Special Counsel, of Ronald T. Guerette, of Alan Fisher and of Bill E. Branscum, and also the costs of storage and appraisal of estate assets, and the relocation of estate assets to the storage facility, including the fees for services of the United States Marshals. Holland & Dimmette will continue to pay the allowed administrative expenses identified in this paragraph (the "Administrative Claims") until they in their sole discretion decide to terminate the funding, and in this regard they will provide the Trustee with two weeks' prior notice of any termination of funding and they will pay all the Administrative Claims accrued through and to the end of the two week notice period. In the event of such notice by Holland and Dimmette, the Trustee will act in good faith to minimize the legal services he seeks to have his Special Counsel perform during such notice period. Once they have paid Administrative Claims, Holland & Dimmette will be subrogated to the claimants' status as holders of the allowed Administrative Claims under Section 503(b)(1) of the Code.

9. The Court concludes that, with the Holland & Dimmette Advance, the Holland & Dimmette Work Product, and Holland & Dimmette's direct funding of the Administrative Claims, the Trustee's chances of recovering assets for the estates are greatly enhanced.

10. Except as provided below, payment of the Administrative Claims by the estate to Holland & Dimmette as subrogees shall be subordinate to the administrative claims of the Trustee for his commission and Mullen Holland & Cooper, P.A. for its fees and expenses.

11. In exchange for the Holland & Dimmette Advance, the Holland & Dimmette Work Product, and Holland & Dimmette's funding of the Administrative Claims, all as described herein, the Trustee will pay to Holland & Dimmette, as soon as reasonably possible and at reasonable intervals, the following:

    a. From the first aggregate $300,000 in receipts in these estates (other than the Holland & Dimmette Advance):

        i. Pay 75% of the aggregate $300,000 in receipts to Holland & Dimmette first as repayment for the Holland & Dimmette Investigative Costs and then as repayment of the funding by Holland & Dimmette of the payment of the Administrative Claims, and the Trustee shall retain 25% of the remaining balance as general funds of the estates to be used first to pay the Trustee's fees and the fees and expenses of his general counsel, Mullen Holland & Cooper, P.A. The exact amount of the Holland & Dimmette Investigative Costs is subject to review and approval by the Trustee, and Holland & Dimmette have agreed to provide a satisfactory accounting to the Trustee as to the Investigative Costs.

    b. From the next aggregate $500,000 (after the first $300,000) in receipts in these estates (other than the Holland & Dimmette Advance), the Trustee will:

        i. Pay 50% of the aggregate $500,000 in receipts to Holland & Dimmette first as repayment for the Holland & Dimmette Investigative Costs and then as repayment of the funding by Holland & Dimmette of the payment of the Administrative Claims, and the Trustee shall retain 50% of the remaining balance as general funds of the estates to be used first to pay the Trustee's fees and the fees and expenses of his general counsel, Mullen Holland & Cooper, P.A., The exact amount of the Holland & Dimmette Investigative Costs is subject to review and approval by the Trustee, and Holland and Dimmette have agreed to provide a satisfactory accounting to the Trustee as to the Investigative Costs.

    c. From any additional receipts in the estates in excess of $800,000 in the aggregate (other than the Holland & Dimmette Advance), the Trustee will:

        i. Pay twenty-five (25%) percent of such receipts to Holland & Dimmette as repayment of the funding by Holland & Dimmette of the payment of the Administrative Claims and to repay the Holland & Dimmette Advance, until such time as the funding by Holland & Dimmette of the payment of the Administrative Claims, and the Holland & Dimmette Advance, has been repaid in full, and Trustee shall retain the remaining balance as general funds of the estates to be used first to pay the Trustees' fees and the fees and expenses of his general counsel, Mullen, Holland & Cooper, P.A.;

        ii. Reserve for accrued administrative claims, and pay in full the allowed administrative claims of the estates, including full payment to Holland & Dimmette as subrogees of the Administrative Claims; and

JAH:360833 v1

3

iii. Pay Holland & Dimmette, as an administrative claim, ten percent (10%) of any additional receipts in the estates. Holland & Dimmette agree to credit their unsecured claims in each case, dollar for dollar, by any sums received pursuant to this subparagraph.

12. Pursuant to Rule 4001(c)(2), the Court was advised of the Trustee's request for an interim hearing on September 20, 2005, on the original motion after case-wide notice in each of the Debtors' cases, and only the Debtors objected. No other parties objected.

**IT IS THEREFORE ORDERED AND ADJUDGED:**

a. The Trustee's Amended Motion is in all respects GRANTED;

b. The Trustee is authorized to incur as unsecured credit the Holland & Dimmette Advance and to make all other disbursements contemplated in this amended motion; and

c. The Trustee is authorized to make the distributions from estate funds to Holland & Dimmette as described herein.

This the 17th day of October, 2005.

*Graham C. Mullen*
Graham C. Mullen
Chief United States District Judge

JAH:360833 v1

4