UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division
Case No. 3:05 CV 391-MU

FILED
IN COURT
CHARLOTTE, N. C.

APR 2 0 2006

U. S. DISTRICT COURT
W. DIST. OF N. C.

IN RE:

Joseph A. DiBruno, Sr.

Joseph A. DiBruno, Jr.

Nicholas DiBruno
Wendy DiBruno

Lela DiBruno

Debtors

Chapter 7

Bankruptcy Case Number 05-33007
Bankruptcy Case Number 05-33006
Bankruptcy Case Number 05-33005
Bankruptcy Case Number 05-33712
(Jointly Administered)

**ORDER SUSTAINING THE TRUSTEE'S OBJECTIONS TO THE EXEMPTION CLAIMS OF THE DEBTOR LELA DIBRUNO, and DETERMINIING WHAT EXEMPTIONS ARE ALLOWED**

This contested matter came on to be heard this day upon Motion of Langdon M. Cooper, Trustee, in which he objects to the exemption claims of the Debtor Lela DiBruno (docket no. 134), and it appearing that notice of an opportunity for a hearing on any opposition to the Trustee's motion was properly given by the Trustee and the shortened notice is explicitly approved by the Court, and the Court has reviewed the pleadings and the record in this case, including determining that the involuntary petition in this case was filed on September 9, 2005 and that the prior North Carolina exemption laws apply to this case and not the new exemption laws that became effective on January 1, 2006, and the Court having considered the position and argument of the Debtor, and the Court having further determined that the Debtor Lela DiBruno did on or about September 10 and 11, 2005, conceal her tangible personal property and other household goods by removing those items from her home and transferring them to a warehouse to prevent seizure by the creditors who were the petitioners in this involuntary Chapter 7 proceeding, after which such property was recovered by the Trustee pursuant to 11 U.S.C. §542, and the Court having concluded pursuant to 11 U.S.C. §522(g)(1)(B) that such personal property cannot now be claimed as exempt, and the Court having determined that her exemption claims are otherwise improper in form and amount; it is, therefore,

**ORDERED** that the objection of Langdon M. Cooper, Trustee, to the exemption claims of the Debtor Lela DiBruno is SUSTAINED; it is further

**ORDERED** that the Debtor Lela DiBruno is allowed only the following claims of exemptions:

(a) the sum of $10,000 pursuant to NCGS 1C-1601(a)(1) in the realty which served as her residence on September 9, 2005, which is commonly known as 107 Westwood Drive, Belmont, NC, subject to applicable law and the rights of any lienholders; and

(b) pursuant to NCGS 1C-1601(a)(6) any cash value of any life insurance policies with Bankers Life which she owned on September 9, 2005, and in which she is the insured, and her sons are the beneficiaries.

Dated: the 20th day of April, 2006.

Graham C. Mullen
United States District Court Judge