UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division
Case No. 3:05 CV 391-MU

FILED
IN COURT
CHARLOTTE, N. C.

APR 2 0 2006

U. S. DISTRICT COURT
W. DIST. OF N. C.

IN RE:

Joseph A. DiBruno, Sr.

Joseph A. DiBruno, Jr.

Nicholas DiBruno
Wendy DiBruno

Lela DiBruno

Debtors

Chapter 7

Bankruptcy Case Number 05-33007
Bankruptcy Case Number 05-33006
Bankruptcy Case Number 05-33005
Bankruptcy Case Number 05-33712
(Jointly Administered)

**ORDER SUSTAINING THE TRUSTEE'S OBJECTIONS TO THE EXEMPTION CLAIMS OF THE DEBTOR JOSEPH A. DIBRUNO, JR. and DETERMINIING WHAT EXEMPTIONS ARE ALLOWED**

This contested matter came on to be heard this day upon Motion of Langdon M. Cooper, Trustee, in which he objects to the exemption claims of the Debtor Joseph A. DiBruno, Jr., (the "Debtor"), docket no. 17, and it appearing that notice of an opportunity for a hearing on any opposition to the Trustee's motion was properly given by the Trustee and the shortened notice is explicitly approved by the Court, and the Court has reviewed the pleadings and the record in this case, and the Court having considered the position and argument of the Debtor, and the Court having further determined that the Debtor failed to schedule all of his personal property and also that he did on or about September 10 and 11, 2005, conceal portions of his tangible personal property and other household goods by removing those items from his home and transferring them to a warehouse, after which such property was recovered by the Trustee pursuant to 11 U.S.C. §542, and the Court having concluded pursuant to 11 U.S.C. §522(g)(1)(B) that such transferred personal property cannot now be claimed as exempt, and the Court having determined that his exemption claims are otherwise limited in description and amount; it is, therefore,

**ORDERED** that the objection of Langdon M. Cooper, Trustee, to the exemption claims of the Debtor is SUSTAINED; it is further

**ORDERED** that the Debtor is allowed only the following claims of exemptions:

(a) the specific property itemized on Schedule C of his bankruptcy petition up to the amounts of value claimed on that Schedule for such property, which expressly does not include any property located at the Advanced Bonded Warehouse or otherwise in the Trustee's possession and control; it is further

**ORDERED** that the Trustee if he so elects shall inventory and appraise the remaining property of the Debtor still in the possession of the Debtor, and to the extent the value exceeds the values specified by the Debtor on Schedule C of the Debtor's petition, the Trustee may either sell the excess interest to the Debtor, or otherwise sell such property or abandon such property. In this regard the Debtor shall cooperate with the Trustee.

Dated: the 20th day of April, 2006.

Graham C. Mullen
United States District Court Judge