UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division
Case No. 3:05 CV 391-MU

FILED IN COURT CHARLOTTE, N. C.

APR 20 2006

U. S. DISTRICT COURT
W. DIST. OF N. C.

| | |
|---|---|
| IN RE:<br><br>Joseph A. DiBruno, Sr.<br><br>Joseph A. DiBruno, Jr.<br><br>Nicholas DiBruno<br>Wendy DiBruno<br><br>Lela DiBruno<br><br>Debtors | Chapter 7<br><br>Bankruptcy Case Number 05-33007<br>Bankruptcy Case Number 05-33006<br>Bankruptcy Case Number 05-33005<br>Bankruptcy Case Number 05-33712<br>(Jointly Administered)<br><br>**ORDER DENYING OBJECTION OF RACHEL BEAN TO SALE OF PROPERTY** |

This contested matter came on to be heard this day upon Motion of Langdon M. Cooper, Trustee, in which he seeks to sell certain property recovered from the Debtors, including an Eberhardt Chrono stainless steel watch, a Breitling watch, a stainless Rolex and certain jewelry (the "Property"), and Rachel Bean ("Bean") has filed an objection alleging the Property belongs to her, and after reviewing the pleadings and the record in this case the Court has determined it will deny the objection and in that regard finds and concludes:

1. Rachel Bean attaches receipts showing she allegedly bought the Property in February and July 2005.

2. In July 2005 she allegedly paid a Steve Cloutier $6,000 cash for the Breitling watch, and allegedly paid one of the Debtors, Joseph A. DiBruno, Jr., $8,000 cash for the stainless Rolex and the two diamond rings.

3. In July 2005 the Debtor Joseph A. DiBruno, Jr. delivered to Rachel Bean $50,000 of cashier checks which are unaccounted for, and which Rachel Bean has alleged in other pleadings that she returned to the Debtor Joseph A. DiBruno, Jr.

4. Later in July 2005 the Debtor Joseph A. DiBruno, Jr. filed his voluntary Chapter 7 bankruptcy petition.

5. In his bankruptcy petition Joseph A. DiBruno, Jr. failed to disclose either the transfer of cash to Rachel Bean, or the receipt of cash from Rachel Bean or the transfer of the watch and jewelry to Rachel Bean, all of which if true as Rachel Bean alleges would constitute a bankruptcy crime on the part of Joseph A. DiBruno, Jr., and possibly also of Rachel Bean, under both 18 U.S.C. §152 and §157.

6. From previous testimony in this case the Court is aware that Rachel Bean is the girlfriend of the Debtor Joseph A. DiBruno, Jr.

7. The Court concludes in any event that the sworn Objection of Rachel Bean is obviously patently false and a likely violation of 18 U.S.C. §157. It is therefore,

**ORDERED** that the objection of Rachel Bean to the Motion of the Trustee to sell the Property is DENIED; it is further

**ORDERED** that the Property is non-exempt property of the estate of Joseph A. DiBruno, Jr. under 11 U.S.C. §541, and shall be sold by the Trustee as provided in a separate sale order.

Dated: the 20th day of April, 2006.

Graham C. Mullen
United States District Court Judge