UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division
Case No. 3:05 CV 391-MU

IN RE:

Joseph A. DiBruno, Sr.

Joseph A. DiBruno, Jr.

Nicholas DiBruno
Wendy DiBruno

Lela DiBruno

Debtors

Chapter 7

Bankruptcy Case Number 05-33007
Bankruptcy Case Number 05-33006
Bankruptcy Case Number 05-33005
Bankruptcy Case Number 05-33712
(Jointly Administered)

**SUPPLEMENTAL ORDER RE:
CERTAIN EXEMPTIONS AND
OBLIGATIONS OF THE DEBTORS
and OTHER MATTERS**

This Supplemental Order is entered after the hearing on 20 April 2006 and pursuant to agreement of the Trustee and the Debtors: it is, therefore,

**ORDERED** that the Trustee is authorized to inspect and inventory the contents of a shed and garage at the 107 Westwood Drive property, and he shall in his discretion negotiate a sale for the contents at private or public sale, or he may abandon the contents to the Debtors who shall then be obligated to take possession of the items and leave the premises broom clean. It is further

**ORDERED** that the Debtor Lela DiBruno shall inventory, itemize and show the cost of each item of personal property she owns which is located at 103 Poplar Street or any other location other than Advanced Bonded Warehouse (it will be assumed that clothing in the aggregate is valued at $500 for these purposes), and she shall serve that written inventory on the Trustee no later than 1 May 2006. The Court has previously determined that none of the Debtors has any interest in any property in Advanced Bonded Warehouse or in the possession of the Trustee, although if there are any clothes of the Debtors at Advance Bonded Warehouse the Trustee may in his discretion abandon those items to the Debtors or if they have more than *de minimis* value sell them to the Debtors. Once the Trustee has the inventory he shall as soon as possible determine if he values it under $3,500 in which case it shall constitute Lela DiBruno's entire household exemption under NCGS 1C-1601(a)(4). If the Trustee values it over $3,500 he shall attempt to negotiate a price for Lela DiBruno to pay the estate to pay the overage, or the Trustee may abandon any overage to Lela DiBruno. If no agreement is reached the Trustee shall report that fact to the Court for further action. It is further

**ORDERED** that the Debtor Joseph A. DiBruno, Jr. shall inventory, itemize and show the cost of each item of personal property he owns which is located at 103 Poplar Street or any other location other than Advanced Bonded Warehouse (it will be assumed that clothing in the aggregate is valued at $500 for these purposes), and he shall serve that written inventory on the Trustee no later than 1 May 2006. The Court has previously determined that none of the Debtors has any interest in any property in Advanced Bonded Warehouse or in the possession of the Trustee, although if there are any clothes of the Debtors at Advance Bonded Warehouse the Trustee may in his discretion abandon those items to the Debtors or if they have more than *de minimis* value sell them to the Debtors. Once the Trustee has the inventory he shall as soon as possible determine if he values it under $3,500 in which case it shall constitute Joseph A. DiBruno, Jr.'s entire household exemption under NCGS 1C-1601(a)(4). If the Trustee values it over $3,500 he shall negotiate a price for Joseph A. DiBruno, Jr. to pay the estate to pay the overage, or the Trustee may abandon any overage to Joseph A. DiBruno, Jr. If no agreement is reached the Trustee shall report that fact to the Court for further action. It is further

**ORDERED** that the Debtor Joseph A. DiBruno, Sr. shall inventory, itemize and show the cost of each item of personal property he owns which is located at 7319 Wilkinson Blvd. or any other location other than Advanced Bonded Warehouse (it will be assumed that clothing in the aggregate is valued at $500 for these purposes), and he shall serve that written inventory on the Trustee no later than 1 May 2006. The Court has previously determined that none of the Debtors has any interest in any property in Advanced Bonded Warehouse or in the possession of the Trustee, although if there are any clothes of the Debtors at Advance Bonded Warehouse the Trustee may in his discretion abandon those items to the Debtors or if they have more than *de minimis* value sell them to the Debtors. Once the Trustee has the inventory he shall as soon as possible determine if he values it under $3,500 in which case it shall constitute Joseph A. DiBruno, Sr.'s entire household exemption under NCGS 1C-1601(a)(4). If the Trustee values it over $3,500 he shall negotiate a price for Joseph A. DiBruno, Sr. to pay the estate to pay the overage, or the Trustee may abandon any overage to Joseph A. DiBruno, Sr. If no agreement is reached the Trustee shall report that fact to the Court for further action. It is further

**ORDERED** that the Debtors Nicholas and Wendy DiBruno shall inventory, itemize and show the cost of each item of personal property they own which is located at 184 Reese Wilson Road or any other location other than Advanced Bonded Warehouse (it will be assumed that clothing in the aggregate is valued at $500 for these purposes), and they shall serve that written inventory on the Trustee no later than 1 May 2006. The Court has previously determined that none of the Debtors has any interest in any property in Advanced Bonded Warehouse or in the possession of the Trustee, although if there are any clothes of the Debtors at Advance Bonded Warehouse the Trustee may in his discretion abandon those items to the Debtors or if they have more than *de minimis* value sell them to the Debtors. Once the Trustee has the inventory he shall as soon as possible determine if he values it under $3,500 in which case it shall constitute the entire household exemption of the Debtors Nicholas and Wendy DiBruno under NCGS 1C-1601(a)(4). If the Trustee values it over $3,500 he shall negotiate a price for the Debtors Nicholas and Wendy DiBruno to pay the estate to pay the overage, or the Trustee may

abandon any overage to the Debtors Nicholas and Wendy DiBruno. If no agreement is reached the Trustee shall report that fact to the Court for further action. It is further

**ORDERED** that the Trustee – if he cannot reach agreement with any of the Debtors, and if he so elects – may inventory and appraise the remaining property of any of the Debtors still in the possession or control of the Debtors, and to the extent the value exceeds the values specified by a Debtor on Schedule C of that Debtor's petition, the Trustee may either sell the excess interest to the Debtor, or otherwise sell such property or abandon such property. In this regard the Debtors shall cooperate with the Trustee. It is further

**ORDERED** that the Debtors Nicholas and Wendy DiBruno shall immediately make an itemized offer to the Trustee on the Pioneer Elite television monitor and equipment, and the Jesse James toolbox, and the golf cart. If the Trustee in his discretion believes the offer is reasonable he may accept it and consummate the cash sale. If the Trustee is not able to reach such an agreement, he shall report to the Court. It is further

**ORDERED** that the Debtors may attend the auction of the property at the Advance Bonded Warehouse, and may bid on such property, and if successful shall pay in cash or with certified funds. The Debtors may also make any offer on any consigned property and pay with cash or certified funds. The Debtors shall not directly or indirectly interfere with any sale of the Trustee of property of any estate.

Signed: April 24, 2006

Graham C. Mullen
United States District Judge