# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Charlotte Division
### Case No. 3:05 CV 391-MU

| | |
|---|---|
| In re: | Chapter 7 |
| Joseph A. DiBruno, Sr. | Bankruptcy Case Number 05-33007 |
| | Bankruptcy Case Number 05-33006 |
| Joseph A. DiBruno, Jr. | Bankruptcy Case Number 05-33005 |
| | Bankruptcy Case Number 05-33712 |
| Nicholas DiBruno | |
| Wendy DiBruno | Jointly Administered |
| Lela DiBruno | |
| Debtors | |

## ORDER AUTHORIZING AND CONFIRMING
## PRIVATE SALE OF PROPERTY, and
## TRANSFERRING LIENS TO PROCEEDS

**THIS MATTER** comes before the Court upon Motion and Notice of Langdon M. Cooper, Trustee, in which he seeks authority to sell at private sale certain property of these estates as described on Exhibit "A" (the "Property") free and clear of all liens and encumbrances. After Notice and a Hearing, and after considering and reviewing all pleadings and the record established before the Court, the Court concludes: (i) that notice of an opportunity for a hearing on any objections to the Trustee's motion was properly served on all creditors and all other parties in interest, and that there was one objection to the sale as proposed filed by the Debtor Lela DiBruno but which was subsequently withdrawn; (ii) that the sale price is fair and reasonable, (iii) that the Trustee may conduct this sale free and clear of all liens and encumbrances under 11 U.S.C. §363(f), (iv) that the purchaser identified in this Order is purchasing the Property in good faith and is in all respects a good faith purchaser, (v) that the Trustee has fully complied with all provisions of the United States Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, including but not limited to 11 U.S.C. §363 and Fed. R. Bankr. P. 6004 and 9014; and (vi) that it is in the best interest of this estate that this pending sale be closed without further delay and that the Trustee's motion to sell and all conditions in that Motion be granted; it is, therefore,

**ORDERED** that Langdon M. Cooper, Trustee, who by virtue of the United States Bankruptcy Code is vested with the fee simple title to the Property, is authorized to consummate the following transaction:

> Sale to Paul Keuthan or his assigns of Tract One of the Property for $247,000 cash and Tracts Two, Three and Four of the Property for $5,000 cash, "as is where is" without warranty as to physical or environmental condition, subject to all easements, encroachments or other similar matters

of record and in any event free and clear of all liens and encumbrances, with all liens or encumbrances to transfer to proceeds, with the following disbursements to be made at closing from the sales proceeds: (i) all closing costs as approved by the Trustee (estimated to be about $2,500 including insurance, appraisal, utilities, locksmith and other costs); (ii) payment of any outstanding *ad valorem* taxes which are a lien on the Property (estimated to be about $7,500); and (iii) a six (6%) percent realtors' commission ($15,120).

**IT IS FURTHER ORDERED** that Langdon M. Cooper, Trustee, is authorized to execute and deliver a Deed, which shall incorporate the terms of this Order, and any party may rely on all recitations by Langdon M. Cooper, Trustee, concerning authorization to sell, proper and timely notice to all parties, compliance with the United States Bankruptcy Code and all applicable orders of this Court, and any applicable confirmation;

**IT IS FURTHER ORDERED** that this Order is not stayed as otherwise provided in Fed. R. Bankr. P. 6004(g), and this sale may be consummated immediately upon entry of this Order;

**IT IS FURTHER ORDERED** that all liens and encumbrances, including but not limited to those of the United States of America (Internal Revenue Service), Eastwood Center, LLC, Keybank USA NA and Charles J. Katzenstein, Jr. are hereby removed from the Property and transferred to the net sales proceeds attributable to that portion of the Property on which the liens attached, and by entry of this Order these liens and encumbrances are deemed cancelled of record and shall no longer apply or attach to the Property; however, all lienholders shall nevertheless cooperate with the Trustee in filing such documents of record as requested by the Trustee to further evidence the record cancellation;

**IT IS FURTHER ORDERED** that this private sale is in all respects confirmed.

Signed: June 6, 2006

Graham C. Mullen
United States District Judge

**EXHIBIT A**

**TRACT ONE:**

BEGINNING at an iron stake in Westerly edge of Lee Drive situate 198 feet from intersection of Northerly right of way line of Southern Street therewith, and runs thence with division line of Lot Nos. 15 and 16 S. 87-06 W. 146 feet to iron stake in Easterly edge of 20 foot alleyway; thence with Easterly edge of said alleyway N. 2-30 W. 82.3 feet to iron stake at intersection of Easterly edge of aforesaid alleyway with Southerly edge of a 30 foot street near creek; thence with Southerly edge of aforesaid 30 foot street N. 83-54 E. 102.2 feet to iron stake; thence continuing N. 73-55 E. 44.7 feet to iron stake in Westerly edge of Lee Drive as it intersects aforesaid 30 foot street; thence with Westerly edge of Lee Drive S. 2-30 E. 99 feet to the point of beginning and being the contents of Lot No. 15 of the J.Q. Hall Property as shown on unrecorded plat made of same by Robert L. Dick on August 10, 1957.

For a source of title see Deed Book 3154, Page 627 and Deed Book 1060, Page 512, Gaston County Registry. Commonly known as 107 Westwood Drive, Belmont, NC.

**TRACT TWO:**

BEGINNING at a new iron pin situate on the westernmost edge of a twenty (20') foot alleyway at the northeasternmost corner of old Lot 18 of the J.Q. Hall Estate property as shown on unrecorded map prepared by Robert L. Dick and dated July 2, 1953, said iron being further situate South 78 degrees 31 minutes West 20.65 feet from a new iron at the northwesternmost corner of DiBruno as described in Tract Two herein and running thence from said Beginning Point with the westernmost edge of a twenty (20') foot alley, South 02 degrees 25 minutes East 122.45 feet to an old iron situate at the common front corner of Lots 18 and 19 of the J.Q. Hall Subdivision as shown on the foregoing map; thence with division line of Lot 19, South 88 degrees 21 minutes West 147.25 feet to an old iron; thence with division line of J.Q. Hall Estate Property, the following two courses and distances: (1) North 02 degrees 25 minutes 30 seconds West 96.98 feet to an old iron, and (2) North 78 degrees 31 minutes East 149.12 feet to the Point of Beginning. BEING the full contents of Lot 18 of the J.Q. Hall Estate Property as shown on unrecorded map prepared by Robert L. Dick and dated July 2, 1953.

The aforesaid description is taken from an unrecorded survey entitled "Property of Joseph A. DiBruno and wife, Lela L. DiBruno" prepared by Preston R. Taylor, Jr., R.S. and dated December 26, 1989.

The above conveyance is made expressly subject to the following restrictions and reservations which shall run with and be appurtenant to Tract One being conveyed herein:

1.      The lot shall be used for residential purposes only and no dwelling shall be erected or placed on said lot other than a detached single family dwelling.

2.     The ground floor area exclusive of porches and garages shall not be less than 1200 square feet for any dwelling and, in the event any dwelling shall have a second story, the area of such second story shall not be less than 600 square feet, exclusive of porches and garages.  The quality and workmanship shall be in keeping with that of other dwellings in the community.

3.     No dwelling or other building shall be located on said lot closer than 30 feet to the street.  No solid fence shall be erected on the property line to a height of more than three (3) feet, and no building shall be erected closer than ten (10) feet to any side property line.

4.     No satellite dishes or similar structures of any description shall be erected, installed or placed on said lot on a temporary or permanent basis.


**TRACT THREE:**

BEGINNING at an established iron pin situate on the westernmost right of way line of Lee Drive at the present northeasternmost corner of DiBruno, now or formerly, as described in Deed Book 1060 at Page 512, in the Gaston County Registry, said iron being further situate at the northeasternmost corner of Lot 15 of the J.Q. Hall Subdivision as shown on unrecorded map prepared by Robert L. Dick dated July 2, 1953 and running thence from said Beginning Point with division line of DiBruno, now or formerly, the following two (2) courses and distances:   (1) South 73 degrees 55 minutes West 44.7 feet to an iron and (2) South 83 degrees 50 minutes West 102.15 feet to an iron situate on the easternmost edge of a twenty (20') foot alley; thence with the easternmost edge of said twenty (20') foot alley North 02 degrees 25 minutes West 2 feet to a new iron; thence a new line across the J.Q. Hall Estate property North 81 degrees 35 minutes East 146.16 feet to the Point of Beginning.

The aforesaid description is taken from an unrecorded survey entitled "Survey for Joseph A. DiBruno and wife, Lela L. DiBruno" prepared by Preston R. Taylor, Jr., R.S. and dated December 26, 1989.

**TRACT FOUR:**

BEGINNING at a new iron situate on the southernmost right of way line of a thirty (30') foot unopened unnamed street running between Lot 18 and 20 of the J.Q. Hall Estate property as shown on unrecorded map prepared by Robert L. Dick dated July 2, 1953, said iron being further situate the following two (2) courses and distances from the northwesternmost corner of Lot 18 being conveyed as Tract One herein: (1) South 78 degrees 31 minutes West 15.18 feet, and (2) North 02 degrees 25 minutes West 30.38 feet to a new iron, the point and place of Beginning, and running thence from said Beginning Point North 02 degrees 25 minutes West 24 feet to a point in a branch; thence with the meanderings of the branch, the following ten (10) courses and distances: (1) North 79 degrees 45 minutes East 25 feet to a point; (2) North 78 degrees East 23 feet to a point; (3) North 88 degrees 25 minutes East 38 feet to a point; (4) North 46 degrees 55 minutes East 36 feet to a point; (5) South 80 degrees East 53 feet to a point; (6) North 61 degrees 25 minutes East 34 feet to a point; (7) North 67 degrees 35 minutes East 45 feet to a point; (8) North 81 degrees 40 minutes East 37 feet to a point; (9) South 83 degrees 10 minutes East 47 feet to a point; and (10) North 65 degrees 15 minutes East 86.32 feet to a point situate at or near the southernmost right of way line of Woodrow Avenue; thence with the southernmost right of way line of Woodrow Avenue, South 81 degrees 42 minutes East 9.46 feet to a point where the southernmost right of way line of Woodrow Avenue intersects with the northwesternmost right of way line of Lee Drive; thence with the northwesternmost right of way line of Lee Drive, South 49 degrees 27 minutes West 89.08 feet to a point where the northwesternmost right of way line of Lee Drive intersects with the northernmost right of way of a thirty (30') foot unopened unnamed roadway running immediately adjacent to the northernmost line of DiBruno, now or formerly, as described in Tract Two herein and running thence with the northernmost right of way line of said unnamed unopened street the following two (2) courses and distances: (1) South 81 degrees 35 minutes West 161.77 feet to an iron, and (2) South 78 degrees 31 minutes West 180.95 feet to the point of Beginning and containing 0.25 of an acre.

The aforesaid description is taken from an unrecorded survey entitled "Survey for Joseph A. DiBruno and wife, Lela L. DiBruno" prepared by Preston R. Taylor, Jr., R.S. and dated July 22, 1994.

Reference is made to deed recorded in Book 75 at Page 158, Gaston County Registry.

Tracts 2, 3 and 4 described above are the identical tracts conveyed to Lela L. DiBruno, Joseph A. DiBruno, Jr. and Nicholas A. DiBruno by George Q. Hall and wife, Peggy S. Hall and Margie Scott Hall, Individually and as Executrix of the Estate of Walter M. Hall, Jr. by Deed dated September 19, 1997 and recorded in Deed Book 2705 at Page 575 in the Gaston County Registry.