UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division
Case No. 3:05 CV 391-MU

| | |
|---|---|
| In re: | Chapter 7 |
| Joseph A. DiBruno, Sr. | Bankruptcy Case Number 05-33007 |
| | Bankruptcy Case Number 05-33006 |
| Joseph A. DiBruno, Jr. | Bankruptcy Case Number 05-33005 |
| | Bankruptcy Case Number 05-33712 |
| Nicholas DiBruno | |
| Wendy DiBruno | Jointly Administered |
| Lela DiBruno | |
| Debtors | |

**ORDER AUTHORIZING AND CONFIRMING
A CASH DISTRIBUTION TO EASTWOOD CENTER, LLC IN EXCHANGE
FOR THE ABSOLUTE ASSIGNMENT TO THE TRUSTEE OF ITS CLAIM
AGAINST ONE OR MORE OF THE DEBTORS**

**THIS MATTER** came on to be heard on the consent of the parties, and it appearing that the Trustee and Eastwood Center, LLC ("Eastwood") have reached an agreement on a cash distribution which the Trustee shall make to Eastwood from the sale proceeds of certain realty in exchange for Eastwood's transfer to the Trustee of all of Eastwood's right title and interest under a judgment which Eastwood obtained against the debtors Lela DiBruno and Joseph DiBruno, Jr.; and it appears to the Court that this is in the best interest of this estate, and the Court finds and concludes:

1. The Trustee has been authorized by this Court to sell certain realty located at 107 Westwood Drive, Belmont, NC (the "Realty") on which Eastwood has a lien.

2. Eastwood has a lien on a one-half undivided interest in the Realty by virtue of a judgment Eastwood obtained in Gaston County, NC, which was docketed on 22 December 2000 in Judgment Book 123 at Page 203 in the Office of the Superior Court of Gaston county, NC, in the principal amount of $53,102.88, plus $8,488.72 in fees, with interest at the rate of 8% from the date of docketing until paid. The current amount of Eastwood's claim is approximately $84,000 (the "Judgment"). Eastwood owns the Judgment free and clear of the interests of any other party. The lien of Eastwood's Judgment was transferred to the net sales proceeds from the sale of a one-half undivided interest in the Realty and it was subordinate only to one-half of the Debtor Lela DiBruno's homestead exemption and to the claim of the Trustee under 11 U.S.C. §506(c). Eastwood's Judgment was also subject to a contested avoidance by the Trustee in an

action under 11 U.S.C. §548(e), which would render the claim of Eastwood wholly unsecured if the Trustee were successful.

3.   The Trustee has agreed to pay Eastwood $17,500 as full payment for its claim and all its rights under the Judgment, and for an absolute assignment by Eastwood to the Trustee of all rights of Eastwood under the Judgment. The Trustee would assume all rights and title of Eastwood to the Judgment, including whatever priority the Judgment has as a lien on the Realty, exactly as though the Trustee had avoided the Judgment under the avoidable transfer provisions of the Bankruptcy Code.

It is, therefore, **ORDERED** that the Trustee shall as soon as possible after the closing of the sale of the Realty pay Eastwood the sum of $17,500 from the sales proceeds of the Realty, and simultaneously with the entry of this Order it shall be deemed that Eastwood has absolutely assigned to the Trustee all of Eastwood's right, title and interest to and under the Judgment, and the Trustee shall thereafter hold the Judgment and all of its lien rights for the benefit of the creditors of these bankruptcy estates.

Signed: June 13, 2006

*/s/ Graham C. Mullen*

Graham C. Mullen
United States District Judge

To the foregoing the undersigned consent:

| Mullen Holland & Cooper P.A. | Womble Carlyle Sandridge & Rice PLLC |
|---|---|
| By /s/ Langdon M. Cooper | By: /s/ Kenneth B. Oettinger, Jr. |
| Langdon M. Cooper | Kenneth B. Oettinger, Jr. |
| State Bar No. 936 | State Bar No. 20064 |
| Attorneys for the Trustee | Attorneys for Eastwood |