UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division
Case No. 3:05 CV 391-MU

| In re: | Chapter 7 |
|---|---|
| Joseph A. DiBruno, Sr. | Bankruptcy Case Number 05-33007 |
| | Bankruptcy Case Number 05-33006 |
| Joseph A. DiBruno, Jr. | Bankruptcy Case Number 05-33005 |
| | Bankruptcy Case Number 05-33712 |
| Nicholas DiBruno | |
| Wendy DiBruno | Jointly Administered |
| Lela DiBruno | |
| Debtors | |

## ORDER APPROVING FEES AND EXPENSES TO
## ATTORNEYS FOR CHAPTER 7 TRUSTEE

This cause coming on to be heard and being heard upon due notice to all applicable parties pursuant to the United States Bankruptcy Code and the Local Rules of Practice of the United States Bankruptcy Court for the Western District of North Carolina;

**NOW,** upon the Application of Mullen Holland & Cooper P.A., Attorneys at Law, ("Applicant") for Compensation as Attorneys for Langdon M. Cooper, Chapter 7 Trustee for the above-referenced Debtors, in which the attorneys seek payment of compensation and payment for fees and expenses advanced for the joint and several benefit of all four of these jointly administered cases;

**AND** upon consideration of the applicable law as set forth in a number of decisions of the United States Supreme Court and the Fourth Circuit Court of Appeals: Hensley v. Eckerhart, 461 U.S. 424 (1983); Blum v. Stenson, 465 U.S. 886 (1984); Pennsylvania v. Delaware Valley Cit. Council, 107 S.C. 3078 (1987); Lilly v. Harris-Teeter Supermarket, 842 F.2d 1496 (4th Cir. 1988); Daly v. Hill, 790 F.2d 1071 (4th Cir. 1986); and Barber v.

Kimbrell's, Inc., 577 F.2d 216, cert. denied, 439 U.S. 934 (1978), which adopted the standards of Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). Under the rule of Barber, these standards include the time and labor expended; the novelty and difficulty of the questions raised, the skill required to perform the legal services rendered; the attorney's opportunity costs in handling the case; the customary fee for like work; the attorney's expectations at the outset of the case; the time limitations imposed by the client or circumstances; the amount in controversy and the results obtained; the experience, reputation and ability of the attorney; the undesirability of the case within the legal community in which the case arose; the nature and length of the professional relationship between attorney and client; and attorneys' fees in similar cases.

In Hensley, supra, the Court articulated a method for examining the attorney's requested fee:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services.

"When the applicant for a fee has carried his burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be the reasonable fee..." Blum v. Stenson, 465 U.S. at 897.

In Daly, supra, the Fourth Circuit suggested that most Johnson factors are appropriately considered in initially determining the lodestar figure, not in adjusting that figure upward. According to the Court, "the critical inquiry in determining reasonableness [of a fee award] is now generally recognized as the appropriate hourly rate." ... If the hourly rate is properly calculated, "the 'product of reasonable hours times [the] reasonable rate'

2

normally provides a 'reasonable' attorney's fee..." Daly v. Hall, 790 F.2d at 1077.  Under Blum the critical focus in calculating a reasonable attorney's fee is in determining the lodestar figure.  A fee based upon reasonable rates and hours is presumed to be fully compensatory without producing a windfall.  In "exceptional circumstances," this presumptively fair lodestar figure may be adjusted to account for results obtained and the quality of representation.  Daly v. Hall, supra.

**AND** upon all the proceedings had before the Court, after due notice and opportunity for hearing, and after consideration and denial of one frivolous response filed by one of the debtors, and after due deliberation thereon, and under the legal standards set forth and applied in the cases discussed above, it is

**ORDERED AND ADJUDGED:**

1. That the sum of $116,216.00 is reasonable payment of compensation for the unpaid services rendered and $2,278.02 for expenses incurred from July 2005 through mid-July 2006 by the attorneys for the Chapter 7 Trustee, Mullen Holland & Cooper P.A., and for payment thereof the four estates are jointly and severally responsible.

2. That the Trustee is hereby authorized and directed to make immediate payment from funds of any of the four estates to Mullen Holland & Cooper P.A. as payment of the fees and expenses specified above.

Signed: August 23, 2006

Graham C. Mullen
United States District Judge

3