UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division
Case No. 3:05 CV 391-MU

| | |
|---|---|
| In re:<br><br>**JOSEPH A. DIBRUNO, SR.,**<br><br>　　　　Debtor | Bankruptcy No. 05-33007<br>(Chapter 7) |
| In re:<br><br>**NICHOLAS DIBRUNO and WENDY DIBRUNO,**<br><br>　　　　Debtors | Bankruptcy No. 05-33005<br>(Chapter 7) |
| In re:<br><br>**JOSEPH A. DIBRUNO, JR.,**<br><br>　　　　Debtor | Bankruptcy No. 05-33006<br>(Chapter 7) |
| In re:<br><br>**LELA L. DIBRUNO,**<br><br>　　　　Debtor | Bankruptcy No. 05-33712<br>(Chapter 7) |
| **LANGDON M. COOPER, Trustee** In Bankruptcy for Joseph W. DiBruno, Sr., Nicholas DiBruno and Wendy DiBruno, Joseph A. DiBruno, Jr., and Lela L. DiBruno,<br><br>　　　　Movant,<br>vs.<br><br>George Q. Hall and Peggy S. Hall,<br><br>　　　　Respondents | ORDER<br>■ determining validity, priority, extent and amount of liens and interests in property;<br>■ authorizing Trustee to sell real property under 11 U.S.C. §363(h) free and clear of liens; |

THIS MATTER came on to be heard with the consent of the Trustee and Respondents on the Motion of Langdon M. Cooper ("Trustee"), as Trustee in bankruptcy for the parties identified above as Debtors (the "Debtors"), and it appears to the Court and the Court finds and concludes as follows:

## PARTIES AND JURISDICTION

1. The Trustee is a resident of Gaston County, North Carolina, and is the duly qualified and presently serving trustee in bankruptcy for the Debtors.

2. On 26 July 2005, Joseph A. DiBruno, Sr., ("Joseph, Sr.") Nicholas and Wendy DiBruno, and Joseph A. DiBruno, Jr. filed voluntary petitions under Chapter 7 of the United States Bankruptcy Code (the "Code"). Langdon M. Cooper was subsequently appointed to serve as the Trustee in each of their bankruptcy cases.

3. On 9 September 2005, an involuntary petition under Chapter 7 of the Code was filed against Lela L. DiBruno ("Lela"). An order for relief was entered against her and she was adjudicated a Debtor in early 2006 and Langdon M. Cooper was appointed to serve as her Trustee.

4. The four cases are being jointly administered under Orders of the United States District Court for the Western District of North Carolina (the "District Court") dated 20 September 2005 and 4 January 2006 in this District Court Case No. 3:95 CV 391-MU.

5. The reference for each of the base bankruptcy cases is currently withdrawn to the United States District Court under Order dated 13 September 2005 in the District Court Case.

6. The Respondents, George Q. Hall and wife, Peggy S. Hall (the "Respondents"), are citizens and residents of Gaston County, North Carolina.

7. The parties have agreed that the Court will hear this matter on Motion of the Trustee.

8. Generally, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1334 because this is a proceeding arising under Title 11 (11 U.S.C. §101 *et seq.*, hereinafter "Title 11") or arising in or related to a case under Title 11, because it involves the enforcement of rights granted by the United States Bankruptcy Code, and because of the Order entered by the Judges of the United States District Court for the Western District of North Carolina on 30 July 1984 (the "Referral Order") pursuant to the Bankruptcy Amendments and Federal Judgeship Act of 1984 referring to this Court all core proceedings arising under Title 11, or arising in a case under Title 11,

and all proceedings that are not core proceedings but that are otherwise related to a case under Title 11. The Reference for these cases has been withdrawn to this Court from the Bankruptcy Court.

9. Venue for this Motion is properly with this Court pursuant to 28 U.S.C. §1409.

10. Specifically, this Court has jurisdiction over this Motion pursuant to 28 U.S.C. §1334, 28 U.S.C. §157(b)(2), and the Referral Order, because this is a core proceeding as defined in 28 U.S.C. §157(b)(2) in that it concerns claims under 11 U.S.C. §§ 541 and 506.

## FACTS COMMON TO ALL CLAIMS

11. On or about 10 August 1999, Joseph, Sr. and Lela entered a contract (the "Contract to Purchase") to purchase real property from the Respondents for $36,500. A copy of the Contract to Purchase was attached to the Trustee's Motion as Exhibit "A."

12. The real property that is the subject of the Contract to Purchase consists of approximately 1.018 acres located on Sue Street, Southpoint Township, Gaston County, North Carolina (the "Property").

13. Pursuant to the terms of the Contract to Purchase, Joseph, Sr. and Lela were to make a series of payments to Respondents consisting of a $5,000 downpayment, 59 monthly payments of $500, and a balloon payment of $12,061.81 being due on 1 August 2004.

14. Upon completion of those payments under the Contract to Purchase, Respondents were to convey the Property to Debtors Joseph A. DiBruno, Jr., Lela, and Nicholas DiBruno.

15. On 23 February 2004, Joseph, Sr., Lela, and the Respondents entered into a "Contract to Purchase Modification Agreement," under which the parties agreed to eliminate the balloon payment due on 1 August 2004 and replace it with a stream of twenty-seven monthly payments of $500 per month, with a final payment date of 1 October 2006 (the "Modification"). A copy of the Modification was attached to the Trustee's Motion as Exhibit "B".

16. Joseph, Sr. and Lela made payments under the Contract to Purchase until late 2005 or early 2006, always making the payments with cash.

17. The balance owed the Respondents is $4,614.77.

3

18. The interest of the Debtors Joseph, Sr. and Lela in the Property became property of the bankruptcy estates of Joseph, Sr. and Lela pursuant to § 541 of the Code.

19. Because the Property is worth significantly more than the balance owed the Respondents, there is substantial equity in the Property for the benefit of the bankruptcy estates of Joseph, Sr. and Lela.

20. The Debtors Joseph Sr. and Lela failed to schedule their interest in the Contract to Purchase and the Property in their bankruptcy petitions.

21. The Contract to Purchase and Modification should be recharacterized to more accurately reflect the true nature of the relationship, namely that they constitute a financing structure equivalent to a mortgage whereby Respondents obtained the equivalent of a purchase money mortgage on the Property, and the ownership rights in the Property of Joseph, Sr. and Lela could not be forfeited.

22. Failure to recharacterize the Contract to Purchase and Modification in this matter would have caused Respondents to become unjustly enriched at the expense of the bankruptcy estates of Joseph, Sr. and Lela who have owned and occupied the Property since 1999.

23. Accordingly, the Court concludes that the Property belongs to the bankruptcy estates of Joseph, Sr. and Lela, not the Respondents, and that Respondents have a purchase money lien on the Property to the extent of the remaining amount due under the Contract to Purchase.

24. The issues of the extent and validity of the alleged interests of the bankruptcy estate and the Respondents in the Property were in *bona fide* dispute.

25. Respondents can be compelled to accept money satisfaction of their allowed secured claim in the amount of the balance due under the Contract to Purchase.

26. The Trustee can maximize the value of the Property and is entitled to sell the Property under § 363(b), (f) and (h) of the Code.

27. The Trustee may either sell the Property directly to a buyer, or he may list the Property with a licensed North Carolina realtor. In either event, after he obtains a proposed buyer he shall move this Court to confirm the sale, after notice and a hearing, which may be on such shortened notice as is necessary to consummate the sale.

**IT IS, THEREFORE, ORDERED,** that the Motion of the Trustee is granted, and:

A.  The Property is property of the bankruptcy estates of Joseph, Sr. and Lela under § 541;

B.  The Trustee may forthwith proceed to obtain a buyer directly or to list the Property with a licensed real estate agent and to negotiate to obtain a sale of the Property free and clear of the purchase money lien of the Respondents, with a lien in favor of the Respondents to be transferred with the same relative priority to the net proceeds of sale, and after a report of any proposed sale, and after a notice and hearing providing an opportunity for objections, the Trustee shall sell the Property under Section 363(b), (f) and (h) of the Code, and shall at the closing pay the balance due to the Respondents as determined above.

C.  As a practical matter the Respondents have agreed to keep the record title in their name, not to encumber or otherwise transfer the title, and to cooperate with the Trustee in conveying the title directly to the Trustee's buyer as requested by the Trustee. Should the Trustee elect to have title conveyed in the interim to him, the Respondents shall do so, and in that case their lien shall be deemed attached to the Property in the amount of the balance due them. If the Respondents retain the title until a closing, once the Trustee has a buyer, and this Court has approved the sale, the Respondents shall execute and deliver a general warranty deed to the buyer free and clear of all liens or other adverse conditions, and at the closing the Trustee shall cause the Respondents to be paid their balance due. The Trustee shall have sole authority to approve the settlement statement and direct what disbursements shall be made from the sales proceeds.

This the 14th day of September, 2006.

/s/ Graham C. Mullen
Graham C. Mullen
United States District Court Judge

To the foregoing the undersigned consent:

/s/ George Q. Hall                    /s/ Peggy S. Hall
George Q. Hall                         Peggy S. Hall

/s/ Langdon M. Cooper
Langdon M. Cooper, Trustee