UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division
Case No. 3:05 CV 391-MU

| | |
|---|---|
| In re: | Chapter 7 |
| | |
| Joseph A. DiBruno, Sr. | Bankruptcy Case Number 05-33007 |
| | Bankruptcy Case Number 05-33006 |
| Joseph A. DiBruno, Jr. | Bankruptcy Case Number 05-33005 |
| | Bankruptcy Case Number 05-33712 |
| Nicholas DiBruno | |
| Wendy DiBruno | Jointly Administered |
| | |
| Lela DiBruno | |
| | |
| Debtors | |

**ORDER MODIFYING ORDER GRANTING AMENDED MOTION FOR AUTHORITY
TO OBTAIN UNSECURED CREDIT (docket no. 47)**

This matter came on to be heard on Motion of the Trustee, after notice and a hearing, and with the consent of Locke Holland and Cynthia Dimmette ("Holland & Dimmette") to amend an Order previously entered by this court entitled "Order Granting Amended Motion for Authority to Obtain Unsecured Credit" (the "First Order"), which is docket no. 47; and this Court has determined prior casewide notice and was provided to all parties in interest in the cases and that there has heretofore been due notice to all applicable parties concerning the matters which are the subject of this Order pursuant to the United States Bankruptcy Code and the Local Rules of Practice of the United States Bankruptcy Code and the Local Rules of Practice of the United States Bankruptcy Court for the Western District of North Carolina.  In this regard the Court finds and concludes:

1.      On 17 October 2005 the Court entered the First Order which, *inter alia,* provided for Holland & Dimmette to fund a portion of the cost of administration of these jointly administered estates in return for a certain allocation of the funds to be received by the Trustee. In light of circumstances as they have developed in the cases, the Trustee and Holland & Dimmette now believe that the allocation provisions of the First Order should be amended.

2.      The Court has determined and concluded that the re-allocation and proposed amendments to the First Order are proper and in the best interest of the estates.

3.      At 6 February 2007 the Trustee had on hand the sum of $198,154.16 in these estates.   Of this sum $7,500,00 remains from the $30,000.00 recovered from Joseph DiBruno, Jr., $22,500.00 of which was previously distributed to Holland & Dimmette under the provisions of the First Order.  This $7,500.00 is property of the estates and shall be used by the Trustee to apply toward his professional fees.  The sum of $1,195.00 remains from the sale of the personal property of the debtors and this sum shall be halved between the Trustee and Holland & Dimmette.  The sum of $185,223.90 remains from the sale of Westwood real estate and this sum shall be halved between the Trustee and Holland & Dimmette.  The balance of the funds in the estates shall be held pending further order of the Court.

It is therefore **ORDERED** as follows:

A.      The Trustee shall immediately distribute the sum of $93,209.45 to Holland & Dimmette ($597.50 + $92,611.95).

B.   The Trustee shall immediately distribute the sum $100,709.45 to himself, Mullen Holland & Cooper P.A. and Grier Furr & Crisp P.A. ($7,500.00 + $597.50 + $92,611.95). As agreed by these professionals, this distribution shall be paid as partial distributions of previously approved fees and costs as follows: $9,538.08 to Grier Furr & Crisp P.A., $11,786.95 to Langdon M. Cooper, Trustee, and $79,384.42 to Mullen Holland & Cooper P.A.

C.   The Trustee shall hold the balance of the funds on hand in the estates pending further order of this Court.

D.   Holland & Dimmette have an allowed administrative claim in these estates in excess of the amount of $262,654.10, and in excess of $200,000 for the investigative costs they incurred (in the aggregate, the "Administrative Claim").

E.   The Trustee has several actions pending in these estates, and one sale of real estate, which when concluded will not realize nearly enough to the pay that amount of the Administrative Claim even if he distributed the full amount of recoveries to them. Holland & Dimmette have nevertheless agreed to waive their general unsecured claim against the estates, and also continue to halve with the estates the proceeds in the estates and to be received by the estates. Holland & Dimmette would of course retain their judgments against the Debtors and be free at any time to execute on any assets of the Debtors. In the unlikely event that recoveries in the current estates, or any reopened estates, are substantial, they will have taken a substantial risk of loss and deserve any additional administrative recovery. In passing the Court must note that the Trustee and Holland & Dimmette, and their professionals, deserve commendation for continuing their investments of time and money knowing full well that they would not be paid in full. These efforts of the Trustee, Holland & Dimmette and their professionals enabled the prosecution of the administration of these estates, without which there may not have been any of the current criminal prosecutions of some of the debtors by the Office of the United Sates Attorney.

F.   All future net[1] funds received in the estates shall be allocated 50% to the Trustee and 50% to Holland & Dimmette.

G.   It is contemplated by the Trustee and Holland & Dimmette that the Trustee will conclude all remaining actions and liquidate the remaining assets in the estates as soon as possible, and then close the estates. At that point it is clear the estates will be administratively insolvent. In the unlikely event that after the Trustee closes these estates that additional funds or other assets due the estates are brought to the attention of the Trustee or Holland & Dimmette, for example, through the current criminal prosecutions of some of the debtors, the Trustee shall petition this Court to reopen one or more of the estates in this Court and the Clerk of this Court shall assign the re-opened bankruptcy case or cases to the undersigned Judge, who is familiar with the parties and the particular difficulty the Trustee has experienced in the administration of these estates, and also with the contingent Administrative Claim of Holland & Dimmette.

H.   This Order, and the First Order, both apply to all four DiBruno bankruptcy estates identified in the caption above. Other than the allocation provisions of numbered paragraph 11 of the First Order, which are altered by this Order, the terms of the First Order are ratified and confirmed for application in all four DiBruno

---

[1]   This is net only of applicable sale expenses, lien payments and similar costs. The fees of the Trustee and his counsel are not to be considered in determining what are net funds of the estates for these purposes.

bankruptcy estates identified in the caption above.

Signed: February 28, 2007

Graham C. Mullen
United States District Judge